UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                      No. 04-CR-1106-LTS

NANA SARPONG,

              Defendant.

-------------------------------------------------------x

ORDER

        The Court has received and reviewed Defendant Sarpong's motion for Compassionate Release pursuant to 18 U.S.C. section 3582 (Docket Entry Nos. 162, 163, 164, 169), and the parties' subsequent briefing (Docket Entry Nos. 172, 175). Mr. Sarpong seeks a reduction of his sentence to time served and an order directing that the Bureau of Prisons ("BOP") release him on a time and date when he can immediately be taken to the airport for deportation to Ghana. (Docket Entry No. 163, at 14.)

        This Court has authority to reduce Mr. Sarpong's sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) if Mr. Sarpong has exhausted his administrative remedies, after considering the factors set forth in 18 U.S.C. section 3553(a) ("section 3553(a)") to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be consistent with the applicable policy statements issued by the sentencing commission, see 18 U.S.C. § 3582(c)(1)(A)(ii), which require that the Court determine that Mr. Sarpong is "not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

        On April 21, 2020, Mr. Sarpong filed a request for a reduction of his sentence with the warden of CI Moshannon. (Docket Entry No. 163, at 3; Docket Entry No. 172, at 2.)

On April 22, 2020, the BOP denied Mr. Sarpong's request to reduce his sentence.  (Docket Entry No. 163 at 3; Docket Entry No. 172, at 2.)  Accordingly, Mr. Sarpong has exhausted his administrative remedies.  See 18 U.S.C. § 3582(c)(1)(A).

Mr. Sarpong has also demonstrated that an "extraordinary and compelling reason" warrants a reduction of his sentence.  Mr. Sarpong has several medical conditions, a few of which are among the CDC's list of conditions that increase the risk of COVID-19 infection, serious illness, and death;[1] these are Type II Diabetes, Obesity, and Kidney Disease.  (Docket Entry No. 163, at 2-3.)  The Government concedes that Mr. Sarpong's health constitutes an extraordinary and compelling reason for a reduction of his sentence during the COVID-19 pandemic.  (Docket Entry No. 172, at 3 n.2.)  Because the pandemic continues to pose an increased risk for those who are held in custody, there is a public interest in removing high-risk persons from the prison environment to slow the spread of COVID-19 within the prison and permit Mr. Sarpong to protect his own health in an environment where cleaning products are readily available and social distancing is feasible.  Accordingly, the Court finds that the heightened risk of infection and serious illness that COVID-19 poses to Mr. Sarpong's health, in light of his individual medical condition, constitutes an extraordinary and compelling reason warranting a reduction of his sentence.

The Court has considered the factors set out in section 3553(a) and finds that a reduction of Mr. Sarpong's custodial sentence to time served is necessary in light of his medical

---

[1] See People with Certain Medical Conditions, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (updated Aug. 14, 2020).

condition, in the context of the ongoing pandemic and upon consideration of all of the relevant factors, to render his custodial sentence sufficient but not greater than necessary to address the sentencing purposes set out in that section.  The 292-month sentence the Court originally imposed (which was thereafter reduced to 235 months) was, at the time, appropriate, sufficient, and no greater than necessary to achieve the purposes of sentencing.  However, the total mix of facts relevant to analysis of the sentencing factors is different now, more than a decade after the sentence was imposed and under the current pandemic circumstances.  To be sure, Mr. Sarpong's crime was very serious: he was the leader of a narcotics distribution and importation conspiracy and conspired to import between three and ten kilograms of heroin into the United States for distribution. (Docket Entry No. 172, at 1.)  He also threatened a co-defendant to influence that person not to speak with the Government.  (Id. at 2.)  However, his crime was non-violent and he has undertaken rehabilitative activities while in custody.  Continued custody, in light of his medical conditions, poses a potentially mortal threat to his own health and safety.

The Government argues that the BOP's pandemic response measures and the fact that CI Moshannon has only three confirmed cases of COVID-19 among its staff, and none among the inmates, militate against the conclusion that the medical risks the pandemic poses to Mr. Sarpong weigh in favor of release to provide for his medical treatment.  (Docket Entry No. 172, at 3-4.)  However, as previously mentioned, the Government concedes that the medical risks to Mr. Sarpong are extraordinary and compelling.  Furthermore, despite the diligent efforts of the BOP, the social distancing and other precautions recommended by the CDC to protect Mr. Sarpong's health are simply not feasible in custody.  See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-

detention/guidance-correctional-detention.html#verbal-screening (updated July 22, 2020). Accordingly, the Court concludes that requiring Mr. Sarpong to complete the current 235-month sentence, of which he has already completed 221 months, would constitute a punishment greater than necessary to protect the public and effect deterrence. See section 3553(a)(2)(C). Mr. Sarpong's projected release date is currently October 29, 2021. Continuing to expose Mr. Sarpong to that heightened risk would not promote respect for the law, nor provide just punishment for his offense. A reduced sentence enabling him to take protective measures provides Mr. Sarpong with the most effective manner of medical treatment appropriate to his individual medical condition in light of the current COVID-19 pandemic. See section 3553(a)(2)(D).

The Government argues that Mr. Sarpong is currently a danger to the community based on the seriousness of his offense and his record of nine disciplinary hearings during his more than 15 years in custody. (Docket Entry No. 172, at 7.) However, Mr. Sarpong's most recent disciplinary hearing was more than two years ago, and all but one of the hearings were for non-violent infractions.[2] Furthermore, a final order of removal has been entered against Mr. Sarpong, and Immigration and Customs Enforcement's ("ICE") officers will facilitate his return to Ghana upon his release. (Docket Entry No. 172, at 6 n.3.) The Government argues that U.S. v. Willis, 476 F.3d 103 (2d Cir. 2007), prohibits consideration of Mr. Sarpong's imminent deportation in assessing the risk that Mr. Sarpong may pose to the safety of the community. (Docket Entry No. 172, at 7.) However, the Willis court held that the sentencing court erred

---

[2]   In August 2017, Mr. Sarpong's disciplinary record shows a hearing for "fighting with another person." (Docket Entry No. 172, Exh. B, at 1.) Mr. Sarpong argues that the most recent disciplinary hearing, which was for "possessing a dangerous weapon" (id.), was for possessing bleach. (Docket Entry No. 175, at 7.)

where it considered only the "bare fact of deportation" in determining the defendant's sentence. <u>Willis</u>, 476 F.3d at 109.  The <u>Willis</u> court went on to explain that "[i]t may be that a sentencing judge can consider deportation when he or she identifies, with some particularity, why a certain defendant is certain to be deported and why deportation, in light of that defendant's individual circumstances, will serve to protect the public."  <u>Id</u>.

Here, Mr. Sarpong has an order of removal pending against him, is certain to be deported to Ghana upon his release, and will be released because of medical conditions that present an extraordinary risk to his health in the midst of global pandemic, which the Government asserts is ongoing in Ghana.  (Docket Entry No. 172, at 6.)  Mr. Sarpong has proffered that he will quarantine for 14 days upon arrival in Ghana before residing with his family.  In combination with Mr. Sarpong's relatively modest disciplinary record, his medical conditions, and the ongoing global pandemic, the individual circumstances of his deportation, proffered 14-day quarantine, and residence with his family mitigate any danger his offense of conviction suggests he may still pose.  Accordingly, the Court finds that Mr. Sarpong does not pose a danger to the safety of any other person or the community.  18 U.S.C. § 3142(g).

For the foregoing reasons, the Court grants Mr. Sarpong's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A).  Mr. Sarpong's custodial sentence is hereby shortened to time served, pursuant to 18 U.S.C. section 3582(c)(1)(A).  The BOP is hereby directed to coordinate Mr. Sarpong's release with ICE to facilitate his prompt deportation to Ghana in accordance with the pending order of removal.  The Court will also enter an Order on Motion for Sentence Reduction under 18 U.S.C. section 3582(c)(1)(A) (Compassionate Release).

This order resolves Docket Entry Number 162.

SO ORDERED.

Dated: New York, New York
September 17, 2020

\_\_\_/s/ Laura Taylor Swain\_
LAURA TAYLOR SWAIN
United States District Judge
